IN THE CIRCUIT COURT OF SAINT FRANCIS COUNTY, ARKANSAS
_____ DIVISION

ROBERT CARLTON WILHELM                          PLAINTIFF

V.                      CASE NO. 62CV-17-264-3

AARIS WOODSON;
SWIFT TRANSPORTATION CO. OF ARIZONA, LLC;
JOHN DOE ENTITIES A THROUGH Z              DEFENDANTS

## COMPLAINT

COMES NOW the Plaintiff, Robert Carlton Wilhelm, by and through his attorneys, Rainwater, Holt & Sexton, P.A., and for his Complaint against the Defendants, states and alleges the following:

FILED
OCT 2 4 2017
TIME:_____ M
BETTE S. GREEN, CLERK
ST. FRANCIS COUNTY

### I. RESIDENCY AND PARTIES

1. Plaintiff, Robert Carlton Wilhelm, was at all times relevant a citizen and resident of Mount Pleasant, Maury County, Tennessee.

2. Separate Defendant Aaris Woodson was at all times relevant a resident of Memphis, Bradley County, Tennessee.

3. Separate Defendant Swift Transportation Co. of Arizona, LLC is a limited liability corporation formed in Delaware that is registered to do business in Arizona. The registered agent for service is National Registered Agents, Inc. located at 3800 N. Central Avenue, Suite 460, Phoenix, Arizona.

4. The residency of John Doe Entities A through Z remains


EXHIBIT A

unknown.

5. Plaintiff's counsel executed an affidavit in accordance with Ark. Code Ann. § 16-56-125, which is being filed contemporaneously herewith as Exhibit A.

6. The incident giving rise to this cause of action occurred on Interstate 40, in Saint Francis County, Arkansas.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

8. Venue is proper pursuant to Ark. Code Ann. §16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the collision occurred which caused the injury.

## III. BASIC PREMISE

9. This is a negligence case which arises from a motor vehicle collision that occurred on November 14, 2014 on Interstate 40 in Saint Francis County, Arkansas.

## IV. FACTS

10. On or about November 14, 2014 at approximately 12:30 pm,

Plaintiff, Robert Carlton Wilhelm, was traveling east on Interstate 40 in a 2012 Freightliner Cascadia 125.

11. At the same time, Separate Defendant Aaris Woodson was traveling east on Interstate 40 in a 2015 International Prostar.

12. Plaintiff began to slow with the flow of traffic. Separate Defendant Aaris Woodson failed to slow down and collided with the rear of Plaintiff's vehicle. The collision disabled both vehicles.

13. Plaintiff Robert Carlton Wilhelm sustained personal injuries and damages as a result of the motor vehicle collision.

## V. CAUSE OF ACTION NO. 1 – NEGLIGENCE OF AARIS WOODSON

14. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

15. Separate Defendant Aaris Woodson was negligent in the following particulars:

   a. Driving in such a careless manner as to evidence failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

   b. Driving in such a careless manner as to evidence failure to maintain proper control, in violation of Ark. Code Ann. §27-51-104(a), (b)(6), & (b)(8);

   c. Driving at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, in violation of Ark. Code Ann. § 27-51-201(a)(1);

  d. Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

  e. Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

  f. Following too closely to Plaintiff's vehicle, more closely than is reasonable and prudent, failing to have due regard for the speed of vehicles and the traffic upon the highway, in violation of Ark. Code Ann. § 27-51-305(a);

  g. Failing to keep lookout for other vehicles, in violation of the common law of Arkansas;

  h. Failing to keep his vehicle under control, in violation of the common law of Arkansas;

  i. Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

  j. Driving too close to another vehicle, in violation of the common law of Arkansas; and

  k. Otherwise failing to exercise ordinary care under the circumstances.

## VI.  CASE OF ACTION NO.2 – *RESONDEAT SUPERIOR* LIABILITY

16. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

17. Separate Defendants Swift Transportation Co. of Arizona, LLC

and John Doe Entities A through Z are responsible and vicariously liable for the negligence of their employee/agent (Separate Defendant Aaris Woodson) under the legal doctrine of joint enterprise, *respondeat superior*, and/or the principles of agency as adopted in the State of Arkansas.

18. At the time of the collision, Separate Defendant Aaris Woodson was in the course and scope of his employment and/or agency for Separate Defendants Swift Transportation Co. of Arizona, LLC and John Doe Entities A through Z.

19. The negligence of Separate Defendant Aaris Woodson is imputed to Separate Defendants Swift Transportation Co. of Arizona, LLC and John Doe Entities A through Z as a matter of law.

## VII. PROXIMATE CAUSATION

20. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

21. The negligence of Defendants Aaris Woodson, Swift Transportation Co. of Arizona, LLC, and John Doe Entities A through Z proximately caused the collision described herein and the injuries and damages sustained by Plaintiff.

## VIII. INJURIES AND COMPENSATORY DAMAGES

22. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

23. Mr. Wilhelm sustained personal injuries and damages as a result of the collision.

24. Mr. Wilhelm is entitled to the following damages:

   a. The nature, extent, duration, and permanency of his injuries;

   b. The full extent of the injuries he sustained;

   c. The expense of his medical care, treatment, and services received, including transportation, board and lodging expenses, and those expenses that are reasonably certain to be required in the future;

   d. Any pain, suffering, and medical anguish experienced in the past and reasonably certain to be experienced in the future;

   e. The value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future;

   f. The visible results of his injuries; and

   g. Any property damages he sustained.

25. The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## IX. DEMAND FOR JURY TRIAL

26. Mr. Wilhelm hereby demands a trial by jury.

## X. DEMAND AND PRAYER

27. The Plaintiff demands judgment against the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate him for his damages.

28. The Plaintiff demands judgment against the Defendants for pre-judgment interest and post judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relieve to which he may be entitled.

Respectfully submitted,

_____
Geoff Thompson
Arkansas Bar No. 2002093
Rainwater, Holt & Sexton, P.A.
P.O. Box 17250
Little Rock, Arkansas 72222-7250
Phone:      (501) 868-2500
Facsimile:  (501) 868-2505
E-Mail:     Thompson@RainFirm.com

*Attorneys for Plaintiff*

## IN THE CIRCUIT COURT OF SAINT FRANCIS COUNTY, ARKANSAS
## _____ DIVISION

**ROBERT CARLTON WILHELM**                                         **PLAINTIFF**

V.                          CASE NO. _____

**AARIS WOODSON;**
**SWIFT TRANSPORTATION CO. OF ARIZONA, LLC;**
**JOHN DOE ENTITIES A THROUGH Z**                           **DEFENDANTS**

---

### AFFIDAVIT

---

STATE OF ARKANSAS  )
                                        )   ss:
COUNTY OF PULASKI  )

Comes now Geoff Thompson, and states, upon oath, the following:

1. I represent the Plaintiff in the above matter.

2. Plaintiff is seeking a judgment against and unknown tortfeasors.

3. The names of the unknown tortfeasors in this action will be designated by the pseudo-name John Doe Entities A through Z, and will be named as such in the Plaintiff's Complaint.

4. Upon determining the identities of John Doe Entities A through Z, the Complaint will be amended by substituting the real name for the pseudo-name.

5. This affidavit is made pursuant to Ark. Code Ann. § 16-56-125.



EXHIBIT A

_____
Geoff Thompson

_____10/23/2017_____
Date

SWORN AND SUBSCRIBED before me on the 23rd day of October, 2017.

_____
Notary Public

My commission expires: March 31, 2018

> HILARY SHRUM
> Pulaski County
> Commission Number 12365421
> Notary Public - Arkansas
> My Commission Expires March 31, 2018